**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

JAMES GRIMES,

                        Petitioner,

    v.                                       No. 04-CV-1491
                                               (GLS/DRH)

GARY GREENE, Superintendent,

                        Respondent.
-----------------------------------------------------------------

**APPEARANCES:**                                **OF COUNSEL:**

JAMES GRIMES
Petitioner Pro Se
No. 02-B-2277
Great Meadow Correctional Facility
Post Office Box 51
11739 State Route 22 - Homer Avenue
Comstock, New York 12821-0051

HON. ANDREW M. CUOMO           SENTA B. SIUDA, ESQ.
Attorney General for the State         Assistant Attorney General
  of New York
Attorney for Respondent
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2465

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER[1]

      Petitioner pro se James Grimes ("Grimes") is currently an inmate in the custody of the New York State Department of Correctional Services ("DOCS") at Great Meadow Correctional Facility. Grimes pleaded guilty in Onondaga County Court on September 13, 2002 to attempted murder, criminal possession of a weapon, and harassment. He is presently serving

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

an indeterminate sentence of eighteen years to life imprisonment. Grimes now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the sole ground that his Sixth and Fourteenth Amendment rights were violated because (1) the trial court erred in refusing to vacate his guilty plea.  For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On or about December 18, 2001, Grimes threatened Noemi Jackson with a knife. Docket No. 6, Ex. 13 at A11. On April 1, 2002, Grimes fired several times at City of Syracuse Police Officer John G. Mulherin. Id. at A9.  In May 2002, a grand jury returned an indictment charging Grimes with attempted murder and criminal possession of a weapon for the April 1 shooting. Id.  In May 2002, the grand jury also returned an indictment charging Grimes with criminal possession of a weapon, menacing, and harassment for the December 18 incident. Id. at A11. On September 30, 2002, Grimes sent a letter requesting to withdraw his guilty plea. See Docket No. 6, Ex. 14 at A167-68.  On October 9, 2002, the trial judge allowed Grimes orally to make his motion to withdraw his guilty plea. See Docket No. 6, Ex. 10. In court, Grimes read the September 30, 2002 letter. The trial judge relieved Grimes' attorney (Id. at 9), and a new attorney was appointed as Grime's new counsel. See Docket No. 6, Ex. 11 at 2.

On October 23, 2002, the trial judge heard the arguments of Grimes' newly assigned attorney and the prosecutor on the motion to withdraw he guilty plea. See id. at 2-17. The trial judge denied Grimes' motion to withdraw his guilty plea and sentenced him as indicated above. Id. at 24-25. On Grimes' direct appeal, the Appellate Division affirmed the trial court's judgment. People v. Grimes, 2 A.D.3d 1476 (4th Dep't. 2003). Application for leave to appeal to the New

York Court of Appeals was denied on February 25, 2004. People v. Grimes, 1 N.Y.3d 628 (2004). This action followed.

## II. Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act o f 1996 ("AEDPA"), Pub. L. No. 104- 132, provides that an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment must be filed within one year "from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." AEDPA § 101, 28 U.S.C. § 2244(d)(1)(A).

The latest date on which Grimes' judgment became final was no earlier than February 25, 2004. See People v. Grimes, 1 N.Y.3d 628 (denying leave to appeal on Feb. 25, 2004). Grimes filed his petition for a writ of habeas corpus no later than December 27, 2004. Therefore, Grimes' habeas petition was timely filed within one year.

### B. Exhaustion Requirement

Under 28 U.S.C. § 2254(b), "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."

To satisfy the exhaustion requirement, a petitioner must present his federal constitutional claims to the highest court of the state that may hear the claim before a federal court may consider the merits of the petition. Grey v. Hoke, 933 F.2d 117, 120 (2d

Cir. 1991) (citing Presina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990)). In addition, for the petitioner to present his claims to the highest state court possible, the applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 ©;  see, e.g., Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981). If a habeas petitioner files a motion to vacate the judgment pursuant to N.Y. Crim. Proc. Law § 440.10 (McKinney 1994) and such relief is denied, the exhaustion requirement is met. Klein, 667 F.2d at 282.

In this case, Grimes filed a motion to vacate the judgment pursuant to N.Y. Crim. Proc. Law § 440.10, and the motion was denied by the Appellate Division. See Docket No. 6, Ex. 16-17. Subsequently, he filed an application to the New York Court of Appeals seeking leave to appeal pursuant to N.Y. Crim. Proc. Law § 460.20(3)(b) from the Appellate Division's decision. His application seeking leave to appeal was denied on February 25, 2004. See Docket No. 6, Exs. 19-20. Grimes thus has exhausted his claim in the New York state courts.

**C. Merits**

**1. Standard of Review**

28 U.S.C. § 2254(d)(1), enacted in 1996 as part of AEDPA, establishes standards for federal habeas corpus review of state court decisions. Sellan v. Kuhlman, 261 F.3d 303, 308 (2d Cir. 2001). The statute provides,

> (d) An application . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court

-4-

> proceedings unless the adjudication of the claim--
> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the Untied States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Second Circuit has held that state court decisions that have not "adjudicated on the merits" are subject to the pre-AEDPA de novo standard of review. Washington v. Shriver, 255 F.3d 45, 55 (2d Cir. 2001). In order to decide whether a court should apply the AEDPA deferential standard of review to a claim, the court must determine whether the state court's decision constituted an "adjudication on the merits" under § 2254(d).

The Second Circuit has held that "'adjudication on the merits' requires only that a claim be disposed of on the merits, as opposed to on a procedural or other ground, and that the state court need not refer to the federal claim or to federal law as a prerequisite to the deferential AEDPA standard under 28 U.S.C. § 2254(d)(1)." Hines v. Miller, 318 F.3d 157, 160 (2d Cir. 2003) (citing Sellan, 261 F.3d at 312). A state court "adjudicates" a claim on the merits when it disposes of the claim on substantive grounds and reduced its disposition to judgment. Sellan, 261 F.3d at 312.

In this case, the Appellate Division found that the trial court "did not abuse its discretion in denying defendant's motion without a hearing because his generalized contentions and conclusory allegations are unsupported by the record." Grimes, 2 A.D.3d at 1476. The state court thus adjudicated Grimes' claims on the merits for the purposes of AEDPA. Although the state court did not explicitly refer to the federal claim or to relevant federal case law, this Court must defer to the state court's decision on the federal claim in

-5-

the manner prescribed by 28 U.S.C. § 2254(d)(1). Sellan, 261 F.3d at 312; see also Davis v. Kelly, 316 F.3d 125, 127 (2d Cir. 2003).

### 2. The AEDPA Standard of Review

A federal district court may only grant a writ of habeas corpus petition if the state court's decision is "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

### 3. Due Process

Grimes contends that his Fourteenth Amendment due process rights were violated because the trial court abused its discretion in denying his motion to withdraw his guilty plea without a hearing. See Docket No. 1 at 7.

The Appellate Division rejected Grimes' contention that the trial court abused its discretion in denying his motion to withdraw his plea without a hearing. Thus, the AEDPA's deferential standard applies, and this Court must determine whether the state court's decision was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Appellate Division pointed out that a defendant is entitled to an evidentiary hearing only in rare instances. Grimes, 2 A.D.3d at 1476 (citing People v. Tinsley, 35 N.Y.2d 926, 927 (1974)). The Appellate Division held that Grimes was not deprived of a reasonable

opportunity to present his contentions because he was given the opportunity to advance his contentions in support of his motion in court, and the court appointed new counsel to assist him. Id. As to Grimes' specific allegations of coercion by his attorney, his lack of mental capacity and understanding, and his ineffective assistance of counsel claims, the appellate court held that these claims were without merit because they were specifically refuted by Grime's statements under oath during the plea colloquy. Id. The appellate court also held that Grimes' allegation of innocence was unsupported by any proof. Id.

The proper test to determine whether state criminal procedural rules violate due process is to decide whether they "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Medina v. California, 505 U.S. 437, 445 (1992) (quoting Patterson v. New York, 432 U.S. 197, 202 (1977)). It has been established in both federal and state precedent that a defendant is not entitled as a matter of right to an evidentiary hearing on a motion to withdraw a guilty plea. Hines, 318 F.3d at 162. Therefore, the failure to hold an evidentiary hearing on a motion to withdraw a guilty plea does not offend a deeply rooted principle of justice. Id.  Under AEDPA's deferential standard and the "fundamental" principle of justice test in Medina, a state court's denial of a defendant's motion to withdraw his guilty plea without an evidentiary hearing where the defendant made a voluntary plea and fails to substantiate his claims of coercion and innocence was not an unreasonable application of clearly established federal law.  Id.

Here, Grimes made a voluntary, knowing, and intelligent plea. A guilty plea is voluntary, knowing, and intelligent when a petitioner was mentally and physically competent, aware of the nature of the charges, had a rational understanding of the proceedings, and knew the constitutional rights being waived. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.

1986). Grimes expressly acknowledged during his plea colloquy that he was entering his guilty plea freely and voluntarily because he was guilty, that he did not have any mental problems that would prevent him from understanding the proceedings, that he was not coerced into pleading guilty, and that he understood the rights he was waiving by pleading guilty. Docket No. 6, Ex. 9 at 14-17.

Moreover, the record establishes that prior to the entry of the guilty plea, the prosecution had offered to accept a plea to two of the five charges with a sentence of eighteen years to life imprisonment in full satisfaction. When Grimes initially rejected the offer, it was withdrawn. Prior to the guilty plea on September 13, 2002, the prosecution would not agree to the same offer previously made unless Grimes waived his right to appeal. With Grimes present, the negotiations resulted in the agreement that Grimes would retain his right to appeal but would plead guilty to five counts. Docket No. 6, Ex. 9 at 5-13. Thus, Grimes' conscious decision to plead guilty to the five charges rather than two because he wanted to preserve his right to appeal further demonstrates that he made the plea voluntarily, knowingly and intelligently. Grimes asked the court to clarify this matter. Docket No. 6, Ex. 9 at 8-11. The judge repeatedly explained that the sentence would be the same if he pleaded guilty to five rather than to two charges except that he would preserve his right to appeal if he pleaded guilty to five counts. Id. After several explanations by the court and a brief pause in the proceedings, Grimes agreed to plead guilty to all five counts. Id. at 13-14.

Grimes also did not substantiate his claims of coercion by his attorney, his innocence, or his lack of mental capacity. There is no factual basis for these allegations and they are merely conclusory. Each of his allegations was also specifically refuted by his

-8-

statement under oath during the plea colloquy. See Docket No. 6, Ex. 9 at 14-17. Therefore, under Hines and the AEDPA's deferential standard of review, the state court's denial of Grimes' motion to withdraw his guilty plea without a hearing when he made a voluntary plea and fails to substantiate his claims was not an unreasonable application of clearly established federal law.

### 4. Sixth Amendment Ineffective Assistance of Counsel

Included in Grimes' only ground for his habeas petition is also the claim that his Sixth Amendment right to the effective assistance of counsel was violated. Grimes did not specifically allege any facts in support of this claim but alleged that his then attorney coerced him into pleading guilty. See Docket No. 1 at 7.

Both the trial court and the Appellate Division found Grimes' claim of ineffective assistance of counsel and his claim of coercion by his attorney to be without merit because they were unsupported by the record and were "specifically refuted by [Grime's] statements under oath during the plea colloquy." Grimes, 2 A.D.3d at 1476. For the purposes of the AEDPA, a claim is adjudicated on the merits if the state court disposes of the claim on substantive grounds and reduces its disposition to judgment. Sellan, 261 F.3d at 312. Grimes' claim of ineffective assistance of counsel was adjudicated on the merit. Thus, this Court must defer to the a state court's decision on the federal claim in the manner prescribed by 28 U.S.C. § 2254(d)(1). Id.; Davis, 316 F.3d at 127.

To establish ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, absent counsel's errors, the result would have been different.

-9-

Strickland v. Washington, 466 U.S. 668, 694 (1984). However, under Cuyler v. Sullivan, 446 U.S. 335 (1980), a defendant is entitled to a presumption of prejudice when he or she is able to demonstrate that "an actual conflict of interest adversely affected his [or her] lawyer's performance." The mere accusation of coercion is not enough to establish a conflict of interest. United States v. White, 174 F.3d 290, 296-97 (2d Cir. 1999). Allegations of coercion create an actual conflict only where a defendant alleges that "defense counsel has done more than give advice about the risks of going to trial." Hines v. Miller, 156 F. Supp. 2d 324, 332 (N.D.N.Y. 2001) (citing United States v. Davis, 239 F.3d 283, 286-87 (2d Cir. 2001)).

Here, the fact that Grimes' claim of coercion by his trial attorney and his specific allegations that his attorney threatened him and made a racist remark (Docket No. 6, Ex. 10 at 5) did create a potential conflict of interest because the claim "placed his attorney in the position of having to defend himself, and potentially to contradict [defendant/petitioner], in open court." Hines, 156 F. Supp. 2d at 332 (quoting Davis, 239 F.3d at 287). However, the trial court judge appointed Grimes a new counsel, who represented Grimes in his motion to withdraw his guilty plea, thus obviating any such conflict. See Docket No. 6, Ex. 11.

Even with a presumption of prejudice, Grimes' ineffective assistance of counsel claim should be denied. Grimes' generalized claim and conclusory allegations are unsupported by the record and he did not substantiate his claim with any factual basis. Under oath, during the plea colloquy, Grimes specifically stated that he was satisfied with his attorney's performance and he entered the guilty plea voluntarily. Docket No. 6, Ex. 9 at 14-17. For the same reasons stated above in subsection II(C)(3), the record demonstrates that Grimes entered his guilty plea voluntarily and knowingly. Therefore, the state court's decision in

holding Grimes' ineffective assistance of counsel claim as unsupported by the record did not involve an unreasonable application of clearly established federal laws.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: January 5, 2007
      Albany, New York

_David R. Homer_
United States Magistrate Judge