**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES GRIMES,**

                 **Petitioner,**

           **v.**                                  **Civil No. 9:04-CV-1491
                                                             (GLS/DRH)**

**GARY GREEN,**

                 **Respondent.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PETITIONER:**

JAMES GRIMES
Petitioner, *Pro Se*
02-B-2277
Great Meadow Correctional Facility
P.O. Box 51
11739 State Route 22 - Homer Avenue
Comstock, New York 12821-0051

**FOR THE RESPONDENT:**

HON. ANDREW CUOMO               SENTA B. SIUDA
Office of the Attorney General        Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455

**Gary L. Sharpe
U.S. District Judge**

<u>**MEMORANDUM-DECISION AND ORDER**</u>

## I. Introduction

After James Grimes filed a *habeas corpus* petition challenging his New York State conviction and sentence for attempted murder, criminal possession of a weapon, and harassment, *see Dkt. No. 1*; *see also* 28 U.S.C. § 2254, his petition was referred to Magistrate Judge David R. Homer for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254; N.D.N.Y. R. 72.3(c). Subsequently, Judge Homer issued a report recommending that the petition be denied. *See Report-Recommendation ("R&R")*, *Dkt. No. 7*.[1]

Broadly construing Grimes' petition, Judge Homer concluded that it raised the following issues: (1) the voluntariness of Grimes' plea, and (2) whether Grimes' trial counsel was ineffective. Judge Homer thoroughly considered Grimes' arguments.

Based on the record, Judge Homer concluded that Grimes made a voluntary, knowing, and intelligent plea and that there was no basis in fact for Grimes' claim that his attorney coerced his guilty plea. Moreover,

---

[1] The Clerk is directed to append the Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 7*.

Judge Homer found that Grimes's generalized ineffective assistance of counsel claim was unsupported by the record, and regardless, Grimes failed to substantiate his claim with any factual basis.  Ultimately, Judge Homer concluded that both claims lacked merit and recommended that Grimes' petition be denied.  *See Dkt. No. 7.*

Grimes has now filed timely objections to Judge Homer's report.  *See Dkt. Nos. 11*.  Grimes' objections do not specifically address Judge Homer's factual and legal conclusions.  Instead, Grimes has simply repeated the facts and arguments contained in his original petition.  His objections contain no new analysis or arguments, nor do they cite authority in support of what are otherwise mere conclusory claims.  Given the inadequacy of these objections, he has procedurally defaulted, and the court has reviewed the report and recommendation for clear error.  *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006).  Having discerned none, the court adopts the report and recommendation in its entirety.

**WHEREFORE**, and for the reasons stated, it is hereby

**ORDERED** that Grimes' application for *habeas corpus* relief is **DENIED** and his petition is **DISMISSED**; and it is further

3

**ORDERED** that the clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

August 13, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge